Thank you and may it please the court. Mr. Moss is entitled to resentencing in this case because he meets the four prongs this court's Wheeler tests. The government already concedes the first and third prongs that Mehas foreclosed any claim at the time of his sentencing and that Mr. Moss cannot rely on a successive 2255 petition. Additionally the government concedes at least part of prong two waiving any discussion of Clark's retroactivity. Additionally Mr. Moss meets the other part of prong two and prong four that Clark represents a change in the law of the 11th circuit and that Mr. Moss' sentence is fundamentally defective. Finally the government waives any discussion of the equitability principles and habeas that compel relief. Accordingly we're asking this court to reverse and remand for resentencing. Turning to prong two, Clark the 11th circuit case that held an adjudication withheld conviction under the federal felon in possession statute has effectively overruled the rationale of holding Mehas. Mehas is the case of the 11th circuit that held an adjudication withheld qualifies as a conviction under the 841 and 851 enhancements that are stymieing Mr. Moss here. Mehas effectively is bad law which is. Can you let me just stop you there because what does that mean that it's effectively bad law? The 11th circuit hasn't overruled it right? Correct your honor it has not however it is bad law because the entire rationale the entire holding of Mehas has been effectively overruled by the 11th circuit decision in Clark. Let me bracket that for a minute um but even assuming that's correct and this is going to sound so semantic I guess but I feel like our savings clause law is like that um I mean is it is it your position that it's enough that the 11th is it your position that it already has done that? Do you know what I'm saying? Like I could see an argument certainly that to synthesize its law the 11th circuit might want to take another look at how all of this stuff lines up but is that sufficient for you to prevail? Your honor under this court's Wheeler test under step two it is enough to prove that there has been a change in substance of law. To the extent the 11th circuit can be the only circuit which definitively rules it as law that is true but the principles here under step two of Wheeler dictate that at a minimum it should be remanded for the 11th circuit to decide that. I'm sorry we should remand it to the 11th circuit? Remand it to the district court with a a grant to transfer to the middle district of Florida the sentencing court and if there are issues there it could go and appeal to them. By what procedural vehicle would we do that? Your honor uh there have been habeas at its core is an equanimity and there are past examples we've pointed to in our brief of cases where other to allow resentencing. Let me ask you about the the question about whether Mihas has been overruled. Didn't the court the 11th circuit and Clark in a subsequent albeit unpublished opinion suggest that Mihas remained good law? Your honor I believe you're referring to Clark 2 which came out on the same day as Clark. The issue with Clark 2 is to your first point it is unpublished and as such it has no precedential value in the 11th circuit or any circuit but but second Clark 2 came out on the same day as Clark so in that case defendant Clark raised an INA based argument that he had not raised previously at trial so he'd waive that argument at trial thus the court in Clark 2 is looking at a plain error view which is a different and more difficult standard to meet. He also did not coming out on the same day as Clark that defendant did not have benefit of Clark's decision which has effectively overruled Mihas. Well go ahead. No no you go. Um when you say this whole thing has fallen down like a heart a house of cards because of Clark I mean what you're suggesting is because some earlier opinions relied on a a different opinion in a different case that that by itself just collapses the whole house of cards but ultimately aren't we talking about two separate statutory definitions of what to look for in terms of what makes out a conviction one arising under federal law one arising under state law and why can't those two coexist under the 11th circuit's precedence? Your honor Mr. Moss has never disputed that the enhancements 841 851 enhancements look to federal law they do but the only source of federal that they look to is Mihas and Mihas' sole holding its sole rationale analogized to that state federal felon possession statute which overturned in Clark. No no Mihas um actually distinguishes the two because it notes that there are these district court holdings that say that uh this kind of Florida plea is not a conviction for the felon in possession statute and then it says but we can distinguish those because that's a matter of I'm going to get it mixed up that's a matter of state law right whereas this question in front of us is a matter of federal law so it actually does divide the world and it I mean the the the distinction that Judge Diaz is talking about is already baked into 11th circuit law. It is your honor however the the court in Mihas the 11th circuit only looked to felon in possession statutes as its sole rationale for its holding and analogized specifically to those. I know it didn't it distinguished those I don't know are you talking about Jones Eddie Jones because maybe yes your honor that's what I meant Mihas relied exclusively on Eddie Jones yes right but I'm saying at the same time it did that it also did distinguish 922 as a separate context and that's where so that's why I'm having trouble with this argument that that the entire edifice of the case law here has disappeared because already in Mihas it was making this distinction. I'm not sure I'm entirely following your honor. The court was saying if you if you 841 you look to federal law and it says 922g you look to state but we think the state is in sync with the federal we now know that's wrong but that doesn't change the first half of it that you look to federal and that law hasn't changed it it hasn't your honor however the federal law only looks to Eddie Jones relying on those felon in possession statutes. Jones was almost frankly an afterthought in Mihas I mean it just trotted that out as an example and yet another example as to why uh Mihas was correct but I don't think it relied solely on that is that what you're saying it is your honor it is the sole holding that it pinned it on the government points to in its brief other policy rationales that that may hold but those are not what Mihas put its sole holding upon so while the 11th circuit could in theory change that that is that is not at issue here today only 11th circuit could could change that determination. Mihas in fact put its sole rationale on Eddie Jones which relied exclusively on the felon in possession statutes two of which had previously been overturned Buscatani and Garcia and the third Reagan which was specifically overturned by the 11th circuit clerk. I mean Mihas part of the analysis says the meaning of the word conviction in a federal statute is a question of federal law unless congress provides otherwise and it cites Sir Dickerson a supreme court case I mean that by itself seems to stand alone as a rationale for why that your case is different and then Jones was sort of discussed as an example which is the chief judge says back then was consistent with Mihas but now the Florida supreme court has told us otherwise but I don't see how those are at all inconsistent. Your honor I come back to that Mihas the court in the 11th circuit in Mihas still put its sole holding at least upon Eddie Jones it may have mentioned other other attributes of the policy considerations but its holding its sole holding was on the felon in possession statutes under Eddie Jones. Additionally your honor because of that Mihas has been effectively returned again to satisfy step two prong two of Wheeler in this court it must be enough to show that there has been a change in the law. Mihas is arguably bad law while it seems here that there may be other justifications potentially the 11th circuit could do or could have held for Mihas it frankly just didn't for its holding and so to minimum that is enough in addition with the equitability principles under habeas enough at a minimum where this court may have some doubt to send it back to the sentencing court and on appeal to the 11th circuit. Additionally under prong four it is clear that Mr. Maas has suffered a fundamental defect a harm as a result of his doubled mandatory minimums similar to the instance that Mr. Wheeler suffered in this case just last year and so as a result of his sentence went from 10 years to 20 years it literally doubled the amount of time that Mr. Maas is serving as a result of the mandatory minimum as a result of the adjudication withheld in 2004. But there's also right a concurrent 20-year sentence for the firearm charges is that right? There is your honor however the sentencing court never gave an independent rationale as to why it gave 240 months for count two for the gun charges and that alone under U.S. v. Livesay is enough to mandate remand for resentencing because the sentencing judge did not give an independent rationale and we are led to believe that there may have been an influence by the sentence that he served for counts one and nine for the drug charges as to count two for the firearms. So you're saying it may be that the firearm sentence is not truly independent of the Yes your honor. Okay can I see you skipped to prong four and I understand that you think the government has retroactivity question but um why assuming for a minute that may he us is no longer good law why is that change how has that change been deemed retroactive? Sure your honor so under under Teague under the Teague analysis there is a clerk has announced a new substantive rule because it's a narrowed the range of conduct that Mr. Maas would be would be harmed by. His adjudication withheld would not qualify as a conviction under Clark because Clark has more broadly overruled Mihas and as a result it would change his qualification under that 841b1 enhancement. So it narrows the range of the punishment he would otherwise face. So you're saying that any change in the law that affects sentencing is substantive? If it narrows the scope of the conduct of what would. That would drop a guideline range. Yes your honor. Substantive. Yes. And what's the authority for that? Under Teague it would qualify simply because it alters that range of conduct that is that is punishable. So it qualifies under the exception for new substantive rules. And your honor further to that point about the gun charge I mean the evidence in the record is tenuous at best as to whether Mr. Maas actually used any firearms in connection so that the sentencing judge's failure there to provide independent rationale is is deeply concerning. Because that whole sentence can be reviewed it should ultimately be remanded to the district court with instructions to transfer to the sentencing court in the middle district of Florida. And finally equitable principles in this case compel habeas relief. To the extent this court may be concerned or unsure or unwilling to try to parse together what is admittedly the difficult substantive law of the 11th circuit the equitable principles the broad powers that federal courts have should compel habeas relief in this case. The harm is suffered by Mr. Maas as he continues to suffer what is potentially an erroneously enhanced sentence that has doubled his mandatory minimums. And because of that any certainty or ambiguity should be cast in favor of him especially under this court's Wheeler test. In closing Mr. Maas has met all four conditions of the Wheeler test. Mihas as the government acknowledges on prong one is initially rendered to sentence lawful at the time so it was unavailable to him. Second point that the government has conceded retroactivity so there's retroactive effect through Clark. Clark represents a change in the substantive law. Mr. Maas is otherwise unable to seek relief through successive 2255 petition because it's a statutory change and his enhanced sentence under prong four represents an error that is fundamentally a fundamental defect. As a result he meets all four prongs of this court's Wheeler test. There's a question when you sit down Mr. Neal. You suggest that we'd send this case to the 11th circuit right? Your honor we're suggesting that this be remanded to the district court with instructions. Ultimately you wanted to go to 11th circuit correct? If it needs to overall yes. I have some great colleagues and friends in 11th circuit but you don't think the fourth circuit is able to do the work? Your honor it's not the fourth circuit is certainly incapable of interpreting that but because the substance flaws in the 11th circuit the fourth circuit here is interpreting whether Mr. Maas meets the Wheeler test this court has set forth. I understand that but but the question is what whether or not the deferred adjudication would constitute a conviction right? It does but under Mihas under the 11th circuit substantive law so only the 11th circuit could definitively say that. Here the fourth circuit could certainly find as we are as we are noting that it is bad law. You suggested perhaps the answer is it should be with state law not federal law. Yes your honor. That's your position okay okay. Thank you. Thank you. Ms. Okiereke. May it please the court. Amy Okiereke for the United States. The issue at hand here I believe your honors is settled. The 11th circuit has settled this matter. The circuit has settled this matter and Clark has changed nothing. The 11th circuit has said you look to federal law when determining what a conviction is under a federal statute. The 11th circuit has said specifically the federal enhancement statute 851 and 841. This court has said you look to federal law and Clark 1 that petitioner hangs its hat on is specific to the felon in possession statute which is different because it looks to state law and I believe what is significant in this case as this court alluded alluded to on the very same day that the 11th circuit issued Clark 1 it issued Clark 2 and yes Clark 2 is an unpublished decision but that does not render it unimportant for purposes of what we're looking at here today and I'd like to note two key points of what the Clark 2 court stated and first I'd like to just highlight that Clark 2 again was issued on the same day in the same case relating to the same defendant and by the same panel and in Clark 2 specifically when assessing whether or not it was plain error to hold that enhancement could be held under 851 and 841 the court reaffirmed its precedent in Mejias stating that we clearly do not have anything uh any precedent of this court because specifically the Clark 2 case dealt or dealt with a suspended sentence whereas Mejias dealt with a withheld adjudication where there was some some sentence that took place after but the court specifically reaffirmed Mejias stating our precedent suggests opposite in Mejias we held that Mejias's prior plea of nolo contender with adjudication withheld in Florida state court is a conviction that supports an enhanced sentence under section 841b and if it was not unambiguous what the 11th circuit intended it went even further and I direct the court to footnote 8 of Clark 2 in footnote 8 the court further reaffirms that the questions addressed in Clark 1 were different than Clark 2 by stating that the question referring to the 851 enhancement that we are dealing with in this case is different from the one that the defendant raised regarding his section 922g gun charge and that's Clark 1 the court further went on to say for 922g we look to whether Florida state law treats a prior arrest as a conviction here and referring to the 841 851 enhancement the court then states again citing to Mejias we look to federal law and therein is the crux of this matter Clark 1 dealt specifically with a narrow issue it was a certified question to the Florida state supreme court on the issue of whether a conviction withheld adjudication could be considered a conviction for purposes of the federal felon in possession statute Mejias is a separate issue and again Mejias looked to federal law as opposed to state law so petitioner dismisses again the is unpublished but what I'd like to highlight for the court is that courts act in ways that matter and courts act in ways that make sense and for the 11th circuit notwithstanding in an unpublished decision in the one breath to hold that Mejias is good law or I should say specifically to rely on Mejias in finding that no plain error occurred by the district court and then in another breath on the same day to hold for Clark that 922g somehow overruled Mejias is holding would not make sense and furthermore would be inequitable to the defendants in in both Clark 1 and Clark 2 and as I highlighted they're the same defendants so confronted with these two decisions the perhaps may have changed the landscape of 11th circuit law and why Mejias is overruled but if Eddie Jones which this court mentioned Eddie Jones perhaps was an afterthought in the Mejias decision if Eddie Jones is the sole basis upon which petitioner can rely on that Mejias is no longer good law then petitioner truly has quite a battle to make that argument as this court recognized Mejias cites to Eddie Jones however it cites to Eddie Jones in a parenthetical and for Eddie Jones holding that for purposes of the career offender provisions that a withheld adjudication will be considered a conviction Mejias separately as this court noted distinguished the federal firearm statute and 922g when stating that those provisions relate to state law and which deals with whether or not we should consider state or federal law in determining what a conviction is for purposes of the withheld or excuse me for purposes of 841 and 851 so clearly in Mejias the court makes a distinction between whether to use federal and state law and that truly was the sole basis or the fundamental basis of what Mejias stood for and it relied on Eddie example of where the court had found a withheld adjudication to be considered a conviction and what I'd also like to note is the fundamental differences between 922g as well as 21 USC 841 and 851. 841 and 851 this is a recidivist enhancement and the purposes for using a conviction arguably are different than with 922g and that's something that the Florida Supreme Court highlighted in its certified question when answering the 11th circuit's question the Florida Supreme Court specifically stated that while we find here as to the federal felon in possession statute that withheld adjudication is not considered a conviction there are other circumstances where based on the text rationale and reasoning of those statutes that withheld adjudication should be considered a conviction and the policy reasons behind 841 and 851 are just those so we have a situation here where adjudication was withheld on petitioner's prior felony drug Florida state conviction however petitioner did engage further in criminal acts and that's part of what the enhancements address that where an individual breaks the law the reason that's why these types of sentences do not exonerate a defendant for purposes of criminal history points. Counsel can I ask you a question about retroactivity? Yes. I understand that I mean you think that that's not raised in this case because there was no change in the law but just sort of hypothetically I'm trying to get my hands around whether this is a substantive or procedural rule for T purposes and your colleague is arguing it's a substantive rule if we I know I'm asking you to imagine something that you don't agree with but if we were to imagine that Clark won change the law even as to the the enhancement here would you agree that as applied to the felon in possession statute that Clark won is a substantive rule because if you're not a felon you didn't do anything wrong? Well respectfully your honor as the court is has alluded to the government did not this setting but I do concede that if faced with a situation where it was the felon in possession statute specifically and as well faced with the specific conviction withheld under Florida state law we may be dealing with a different scenario and retroactivity retroactivity may apply with the substance of of that decision however we're we're not faced with that issue in this case which again is why the government so you would draw this distinction and say that it might be it might be substantive as applied to nine um to the felon in possession statute but would you say it's not substantive if it applied to just a sentencing enhancement? That's correct. Okay I just wanted to get the government's position on this. Yes your honor and as the court um alluded to I or excuse me let me jump to my other argument with regard to the is a independent justification for why the petitioner sentence stands. The petitioner was sentenced in addition to his drug charges to 240 months for a gun charge and I call it a gun charge but it's a charge that involved well over seven different guns. These were glocks pistols revolvers and the petitioner states that the sentencing court gave no independent rationale for anything related to this gun charge but that's not correct. During sentencing the district court judge placed heavy emphasis on the effect of guns in the drug distribution network that the petitioner involved in as well as the fact that one of the guns that was involved in this conspiracy potentially could have led to the death of a police lieutenant and specifically I direct the court's attention to the joint appendix at page 101. I'm sorry that's at page 79 excuse me. Now the court talking to the petitioner's family states I'm sorry you were not here for this three-week trial because it may have opened up your eyes to the distribution in which he was involved actively. The conspiracy with other people, the kidnapping that was occurring, the use of firearms including the use of a firearm that could have easily killed a law enforcement officer by one of the co-defendants. So this was not a court that was silent as to why she was issuing a sentence of at the maximum for the gun charge. This is a court that very clearly gave her reasons and the court furthermore highlighted the defendant's involvement in the criminal drug conspiracy that was convicted of. The court went further and stated I'm now at joint appendix at 102, 101 to 102. The court stated you have to realize that these are serious matters. He is not facing this time in jail because of minor offenses. He's facing them because he is indeed a danger in the community along with all of the other people involved in this. She went again even further the court during the sentencing chastised not only the defendant but she went further to chastise his family to say you could have stopped this. Where were you when all of this happened? And your family member, she continues, I'm now at page 102 of the joint appendix. The court states there's no reason for you being here except willfulness. You willfully got together with the wrong crowd of people and you know it and you willfully wanted to participate in this. So these statements by the court again highlight the court's rationale for issuing the in Wheeler. In Wheeler when the court addressed this particular prong of whether or not a grave injustice or error occurred in the sentence or due to any alleged error, the court highlighted the words of the sentencing course in that matter and specifically in Wheeler the court stated that it was reluctant. The court stated that the mandatory minimum was harsh but its hands were confined by the mandatory minimum. We don't have any of those here. So again I draw a stark contrast between a situation where perhaps there is some evidence in the record where the court was influenced or considered the alleged or purported error in that case a mandatory minimum as well as this case to the situation we have here where it's clear that the court was unrestrained by any rationale. And finally I'd like to note petitioner's so-called equitable arguments and I believe petitioner explained the equitable arguments to be that notwithstanding Wheeler or this court's savings clause test that this court independently as an act of equity should send this matter to the district court the middle district of Florida and thereafter have the 11th circuit court of appeals hear this matter if there's any issue. Well as this court is aware the savings clause test is a threshold inquiry of jurisdiction before even the petitioner can get to any relief and before a court can consider this and the district court in this matter Judge Dever found that the petitioner had not met this inquiry and therefore dismissed the case. There is no mechanism for this court to jump through that threshold inquiry which is the savings clause test to remand this matter to another court. So the argument is certainly not waived because the argument of sending it to the district court that's what the savings clause test is and that's what the entire argument that we've been discussing is. And what I'd also like to note about petitioner's if this court somehow felt uncomfortable deciding this issue that means of going through the middle district of Florida and somehow to the 11th circuit is an option. Even that option would not make any sense in this context. As the government laid out in its brief the genesis of the savings clause as well as noting the differences in how the circuits have held the savings clause and what type of and the court may be familiar with MacArthur v. Goodwill Industries Suncoast. And in that matter the 11th circuit has categorically held that a statutory claim like the one we're dealing with here cannot be heard through savings clause relief unlike what this court held in Wheeler. So therefore any type of remedy that petitioner urges that would include this matter being the 11th circuit is not possible under current precedent of the 11th circuit. So again in addition to the equitable argument this court having no mechanism to make its way there it as well would not even be a viable option as the petitioner proposes. And with that if the court has no questions the government just seeks that this court to reaffirm the decision of the district court in dismissing the petition for a lack of jurisdiction. Thank you. Thank you. Mr. Neal you have some time reserved. Your honors a few points. First to assuage this court's concerns Mejijas only relied on federal law that is true. But that law in turn and the Eddie Jones decisions and its importance on the felon in possession statute itself turn on state law. So while the government makes many points and strains to say that this is a case these are different statutes the felon in possession interpreting state law the 841 851 enhancements here interpreting federal law that federal law now does is holding specifically to the felon in possession statutes which are in fact state law. Second the government made a point about Clark too arguing that our only point on that was that is unpublished. First it is unpublished and as such has no press advantage value. But secondly it did not effectively say that Mejijas was still good law. Clark too dealt with plain error review based on the fact that the defendant in that case Mr. Clark had waived any arguments at trial. And the plain error view is a different standard and harder standard to see. Just in reading the opinion and I agree with you it's unpublished but in trying to make sense of what the court was doing in reading the opinion it seemed like the plain error thing had to do with the argument that in that case there had been a suspended sentence rather than adjudication withheld. And so that was the defendant's argument you can distinguish Mejijas based on that ground and they said well not under plain error you can't. Like we might take another look at that if it came up directly and maybe we could distinguish Mejijas on that and they're suggesting that they weren't just applying Mejijas as good law. And the question was this factual nuance that's where the plain error came in. Your Honor to your point of that the court and Clark too upholding Mejijas on those grounds are not the same grounds here under the enhancement. The court and Clark too did not have the benefit the defendant in that case to not have the benefit of Clark's decision which has effectively overruled Mejijas since then. To the government's point they came out on the same day so as a result he did not have the benefit of. But the court had the benefit of it because it's the same panel. It is Your Honor but in that case. It's not like they didn't know about Clark one right? Correct Your Honor. But again that plain error discussion is just a different standard and harder standard than the standard applying here. Additionally to the to the point the government made on retroactivity and to your point Judge Harris questioning that when the government conceded that it would be a substantive rule for the felon in possession statute that is an important concession because the felon in possession statute and the precedent under an adjudication withheld no longer qualifying his conviction after Clark is important because that is the sole holding that Mejijas had. So the rationale to get from that is additionally that the government is implicitly acknowledging and conceding that it would be a new substantive rule here that Clark would apply retroactively on collateral abuse by acknowledging that it would do so in a felon in possession case. The precedent the felon in possession precedent that Mejijas solely relied on from Eddie Jones. Third point the government makes many arguments on the gun charges. You heard them point to the joint appendix discussion the sentencing judge had about the family and other testimony in the record. Also arguing seven guns the number of guns under the count to indictment. That applied to all of the defendants not just Mr. Moss. There's scant testimony in the record that Mr. Moss ever possessed may have temporarily possessed up to two guns not the seven guns the government claims all the defendants may have had at some point in time during the entire drug conspiracy. Thus the arguments and the arguments about family discussion and other points in the record are not an independent basis or rationale the sentencing judge would have had to put forward for those 240 months. And to the final point that the government argues that there's no mechanism here if this court found that it didn't meet the Wheeler test is just simply not true. This court even if it found that Mr. Moss did not satisfy the Wheeler test and again we maintain that certainly Mr. Moss has this court still could use a writ of quorum nopus to send it back to 11th circuit and find the equitable relief principles that are inherent under habeas. Has that been pled that I mean that has that been alleged before or you're making that argument for the first time? It is in our reply brief and a footnote. But it wasn't it wasn't filed before then was it? I'm not sure your honor however certainly this court could in an extraordinary case as we have here it could certainly find that. I also ask you a question about this equitable argument that your colleague mentioned that in essence she suggested be careful what you ask for because if we were to send this case back to the 11th circuit or the district court in Florida their savings clause jurisprudence is different in the sense that you don't even get out of the box with respect to a claim like this in the 11th circuit. What's your response to that? Your honor that that's merely an irrelevant point. The question of the savings clause test here is under this court's decision in Wheeler. It would be the sentencing court that would ultimately determine what the sentence would be and his availability of the savings clause there but as far as this court's concerned is whether he can satisfy the Wheeler test. All right. If there are no further questions I would like to briefly conclude arguing that Mr. Moss should have the opportunity for resentencing in the middle district of Florida. Thank you. Thank you Mr. Neal. Before you leave the podium I want to acknowledge it's also Mr. Roseberg as well and the university and law school. Thank you so much for taking on this case your court opponent. Appreciate that on behalf of the fourth circuit your work. It's very very helpful for our court to administer justice and we appreciate that. There's also counsel for the government. We appreciate your able representation of the United States. We are going to come down and greet counsel.
judges: Roger L. Gregory, Albert Diaz, Pamela A. Harris